IN THE

# SUPREME COURT

OF.

# NEW JERSEY,

MAY TERM, 1793.

[164]     DEN v. TATEM.

1. It is no objection to a judge before whom a jury is to be struck, that he has been of counsel with one of the parties.

2. When a notice has been given by the counsel on each side, of the striking of a jury, at different times and before different judges, which notice is to be preferred? *Semble*, that the plaintiff is entitled to the preference.

NOTE.—A judge who has been counsel or attorney, cannot now strike a jury, or sit on the trial or argument. *Pat. Laws* 254, *Anno* 1797.

On striking a jury in the vacation before the Chief Justice, it appeared that *Leake*, for defendant, had given notice to strike a jury before Mr. Justice Smith, at Trenton, on the 20th February. *Mr. Stockton*, for plaintiff, gave notice to strike before the Chief Justice, at Burlington, on the 18th of the same month.

*Leake* attended on the 18th, and objected to the striking of the jury before the Chief Justice.

1st. Because his notice to strike it before Mr. Justice Smith being first served, attached the right of proceeding on his notice, and entitled it to the preference.

190

Executors of Baracliff v. Administrators of Griscom.

2d. He objected to the Chief Justice, because he had been attorney on record for the lessors of the plaintiff. He cited *Act of Congress 8th of May*, 1792, § 11, 2 *Laws of U. S.* 109; 2 *Domat.* 618, *title* 6, § 2.

The Chief Justice was desirous that the jury should be struck in term, before all the justices, which would obviate the objection to himself personally, and put an end to the dilemma arising from the conflicting notices.

*Leake* refused this, and the Chief Justice overruled the second objection, saying that it was not a legal one, and that it had been so determined by the court repeatedly. It was then agreed to defer this business until May Term, and now—

The facts above mentioned being stated to the court, they recommended to Chief Justice to strike the jury, which he did.

NOTE.—As to a judge having been counsel, see 2 *Mod.* 151; 3 *Bl. Com.* 361; *Co. Litt.* 294; 4 *Burr.* 2303, 2411; in which last case it appears Judge Blackstone, though he had been of counsel with plaintiff, gave his opinion.

---

[165] EXECUTORS OF BARACLIFF v. ADMINISTRATORS OF GRISCOM.